IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00242-MR

| | |
|---|---|
| **DESMOND HARDY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU STEEL, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint.[1] [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

I. **BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee,[2] filed the instant action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Rutherford County Jail (RCJ).[3] He names as Defendants in their

---

[1] The Plaintiff originally filed this action in the United States District Court for the Eastern District of North Carolina. [See Docs. 3, 4 (transfer orders)].

[2] The Plaintiff is now being held in the North Carolina Department of Adult Corrections (NCDAC); Rutherford County District Court Case No. 22CRS283308 is still pending.

[3] The RCJ is a division of the Rutherford County Sheriff's Office. See https://www.rutherfordcountync.gov/departments/sheriff/index.php (last accessed March 17, 2023); Fed. R. Evid. 201.

individual and official capacities: the State of North Carolina; the RCJ; FNU Steel, a RCJ correctional officer; and FNU Brown, a RCJ correctional sergeant. He claims that the Defendants violated his Eighth Amendment rights as follows:

> I was in cell #101 me an Keith Wayne Jones had got into it over him slammed the traps in he as in Keith Jones got to my cell and was swearing at each other then he slammed the trap on my hand then I call into the booth to officer Steel in told him what went on in he came out in seen my finger on the ground; yet the time limit was about 10 to 15 minutes I grumbled in pain my finger digit was on the floor. This complaint is to show my further complaints against the staff of Rutherford & on County Jail for gross negligence. But the main offender is Keith Wayne Jones.
>
> My finger was slammed in a door slot by another inmate and severed, which has my left hand a digit short and my nerves in my hand is bothering me every since. The officers was negligent by allowing a guy by my cell who should have been already secured because of the back and forth [illegible] arguments. They acted noncholauntelly as I complained and they claimed to be short of staff. Which furthers my grievances and this complaint of a § 1983.

[Id. at 5-6] (errors uncorrected). For injury, the Plaintiff claims "[p]ain and suffering, emotional stress and a lost of a piece of my body which is my finger diget." [Id. at 7] (errors uncorrected). The Plaintiff claims that he filed a grievance regarding the incident, but that he received no response. [Id. at 8]. He seeks injunctive relief and damages. [Id.].

2

Case 1:22-cv-00242-MR   Document 11   Filed 04/24/23   Page 2 of 14

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to name the State of North Carolina as a Defendant. The Eleventh Amendment generally bars lawsuits by citizens against non-consenting states brought either in state or federal courts. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Although Congress may abrogate the states' sovereign immunity, it has not chosen to do so for claims under 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 343 (1979). North Carolina has not waived its sovereign immunity by consenting to be sued in federal court for claims brought under 42 U.S.C. § 1983. See generally Mary's House, Inc. v. North Carolina, 976 F.Supp.2d 691, 697 (M.D.N.C. 2013) (claim under 42 U.S.C. § 1983 barred by sovereign immunity of North Carolina). Accordingly, the Plaintiff's claim against the State of North Carolina is dismissed with prejudice.[4]

---

[4] Moreover, the Plaintiff fails to explain how any state employees could have been involved whatsoever in the incident, which occurred at the RCJ.

4

The Plaintiff also purports to name the RCJ as a Defendant. However, a jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). Accordingly, the Plaintiff's claim against RCJ is dismissed with prejudice.

The Plaintiff purports to sue Defendants Steel and Brown in their individual and official capacities.[5] Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). The Office of the Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997)

---

[5] To the extent that the Plaintiff's allegation about "staff of Rutherford" refers to individuals other than Defendants Steel and Brown, such claims cannot proceed. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity").

(internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694). Here, the Plaintiff does not allege any facts about sheriff's office policy or custom that states a plausible Monell claim. Therefore, the claims against Defendants Steel and Brown in their official capacities are dismissed without prejudice.

As to the claims against Defendants Steel and Brown in their individual capacities, the Plaintiff appears to claim that they failed to protect him from the attack by another inmate, and delayed obtaining medical care for his injured finger.

"The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" Thompson v. Commonwealth of Va., 878 F.3d 89, 97 (4th Cir. 2017) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). Under the Eighth Amendment,[6] prison officials must "take reasonable

---

[6] Because the Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021) (noting that, "under Kingsley v. Hendrickson, 576 U.S. 389 (2015), pretrial detainees bringing excessive force claims under the Fourteenth Amendment are no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners ... [however] the Supreme Court has not extended Kingsley beyond the excessive force context to deliberate indifference claims, ... and neither has our court...."); Mays v. Sprinkle, 992 F.3d 295, 300-02 (4th Cir. 2021) (declining to decide

6

Case 1:22-cv-00242-MR   Document 11   Filed 04/24/23   Page 6 of 14

measures to guarantee the safety of ... inmates." Id. (quoting Whitley v. Albers, 475 U.S. 312, 319–20 (1986)). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Accordingly, the deliberate indifference standard applies "where prison officials are accused of deliberate indifference to a substantial risk of serious harm to prison inmates" or pretrial detainees. See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (citing Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001)). "As a general matter, '[o]nly governmental conduct that shocks the conscience is actionable as a violation of the Fourteenth Amendment.'" Id. "The degree of culpability on the part of a governmental actor that is sufficient to shock the conscience will depend on the circumstances of any given case. In cases where the government is accused … of failing to protect a detainee from a substantial risk of physical harm, conduct that amounts to deliberate indifference … is viewed as sufficiently shocking to the conscience that it can support a Fourteenth Amendment claim." Id. (international quotations and citations omitted).

---

whether a pretrial detainee must satisfy the subjective component of the Eight Amendment deliberate indifference standard).

7

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "An officer is deliberately indifferent to a substantial risk of harm to a detainee when that officer 'knows of and disregards' the risk." Parrish, 372 F.3d at 302 (quoting Farmer, 511 U.S. at 837). To be liable under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Thus, deliberate indifference requires a showing that a defendant "actually knew of and disregarded a substantial risk of serious injury to the detainee…." Young, 238 F.3d at 575-76.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment also fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle, 429 U.S. at 104. To prevail on a claim based on the alleged denial of medical care, a plaintiff must establish that defendants' actions or their failure to act amounted to "deliberate indifference to serious medical needs." Id. at 106; see Anderson v. Kingsley, 877 F.3d 539, 543 (4th Cir. 2017). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity

8

for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). "Mere delay is … not enough" to support a deliberate indifference claim. Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022). The objective prong requires a plaintiff to show that the alleged delay put him at a "substantial risk" of "serious harm." Id. (quoting Moss v. Harwood, 19 F.4th 614, 625 (4th Cir. 2021); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016)). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." Moskos, 24 F.4th at 298. Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson, 195 F.3d at 695 ("Deliberate indifference is a very high standard— a showing of mere negligence will not meet it.").

Here, the Plaintiff claims that inmate Jones was not secured and was able to attack him due to the Defendants' negligence. [Doc. 1 at 6]. This claim is vague and conclusory insofar as the Plaintiff fails to explain how the attack was attributable to Defendants' actions or inactions. See generally

9

Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted) (to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation); Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, his assertion that the inmate Jones was not secured due to the Defendants' negligence is insufficient to state a § 1983 claim. See Grayson, 195 F.3d at 695. Accordingly, his claim for failure to protect is dismissed without prejudice.

The Plaintiff also claims that he called Defendant Steel in the "booth" to inform him "what went on;" that Steel came out and saw the Plaintiff's finger on the ground; that "the time limit was about 10 to 15 minutes;"[7] and that "they"[8] claimed to be short-staffed. [Doc. 1 at 5-6]. These allegations are too vague and conclusory to state a plausible deliberate indifference

---

[7] It is unclear whether this period refers to the time it took Defendant Steel to respond to the cell, or to the total delay between the incident and the Plaintiff's receipt of medical care.

[8] To the extent that this refers to individuals other than named Defendants, it cannot proceed. See footnote 4, supra.

claim. See Vinnedge, 550 F.2d at 928; Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02. While a severed finger is doubtless a serious medical need, the Plaintiff has failed to adequately describe the delay of 10 to 15 minutes or explain how it was attributable to the Defendants' deliberate indifference rather than to short-staffing or negligence. Nor has he adequately alleged that the relatively brief delay placed him at a substantial risk of serious harm. Therefore, the Plaintiff's claim of deliberate indifference to a serious medical need is dismissed without prejudice.

Finally, the Plaintiff admits on the face of the Complaint that that he did not receive a response to his grievance before initiating this lawsuit. [Doc. 1 at 8]. The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. The PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is mandatory. Id. at 524 (citation omitted); Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion must take place before the commencement of the civil

11

action in order to further the efficient administration of justice. Id. A prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The PLRA requires "proper" exhaustion, that is, "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). A court may *sua sponte* dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies. Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

Here, it appears that the Plaintiff has failed to exhaust his claims because he admits that he filed this lawsuit before receiving a response to his grievance. Accordingly, even if the Plaintiff had stated a claim that was sufficient to pass initial review, they would likely be dismissed without prejudice for failure to exhaust his administrative remedies.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court will dismiss the State

of North Carolina and the RCJ with prejudice. The remaining claims are dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**, except for the claims against the State of North Carolina and the RJC, which are **DISMISSED WITH PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail a blank § 1983 complaint form, a copy of the Order of Instructions [Doc. 5], and a copy of this Order to

the Plaintiff at his address of record, as well as to him at the Foothills Correctional Institution.[9]

**IT IS SO ORDERED.**

Signed: April 24, 2023

Martin Reidinger
Chief United States District Judge

---

[9] The Plaintiff is reminded that it is his responsibility to keep the Court apprised of his correct address at all times; failure to do so may result in the dismissal of this action for lack of prosecution. [See Doc. 5 (Order of Instructions)].